Theresa Foy, Respondent, *v.* Catherina Di Mattia Salzano and Others, Impleaded with Lucia Di Mattia Salzano, Appellant.

First Department, July 11, 1912.

Mortgage — satisfaction of mortgage by infant — right to disaffirm at majority — restoration of consideration received — foreclosure — failure to find facts — new trial — subrogation.

An infant mortgagee who has executed a satisfaction of the mortgage and has received in exchange therefor an interest in other lands belonging to the mortgagor may disaffirm her act on reaching her majority, whether or no the act were beneficial to her.

The infant, however, upon such disaffirmance must return the consideration received.

Hence, in an action to foreclose a mortgage it is error for the court to refuse to find that an infant holding a prior mortgage satisfied the same during her infancy in consideration for a conveyance of other lands, as otherwise it is impossible to make an equitable disposition of the rights of the parties, for the infant still retains her right to disaffirm at majority.

Such failure to find necessitates a new trial.

*It seems*, that in equity the holder of the second mortgage may be subrogated to the rights of the mortgagor to receive a reconveyance of the lands given to the infant in consideration for her satisfaction of the prior mortgage if she disaffirms at majority, and to this end the mortgagor should be made a party to the suit.

Ingraham, P. J., dissented, with opinion.

Appeal by the defendant, Lucia Di Mattia Salzano, an infant, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York upon the decision of the court rendered after a trial at the New York Special Term.

*James F. Donnelly*, for the appellant.

*John M. Rider*, for the respondent.

Scott, J.:

The plaintiff sues to foreclose a mortgage on real estate in the city of New York, made by one John Di Mattia on April 16, 1909. Among the allegations of the complaint is one to the

effect " that the defendants [of whom appellant is one] have or claim to have some interest in or lien upon the said mortgaged premises, or some part thereof, which interest or lien, if any, *is subject and subordinate* to the lien of the said mortgage held by plaintiff." This is the usual clause inserted in complaints in foreclosure cases, and its purpose and effect is to foreclose and cut off the defendants from thereafter asserting a claim or lien superior to the lien of plaintiff's mortgage. The defendant, by her guardian *ad litem*, controverted this allegation of the complaint, and set up in her answer a prior mortgage upon the same property given to her by her father before the execution of the mortgage held by plaintiff. The facts, which the court refused to find, are undisputed and are as follows: On April 20, 1908, John Di Mattia executed and delivered to appellant, then an infant seventeen years of age, a bond for $1,000 with a mortgage to secure the same, covering the same premises afterwards mortgaged to plaintiff. The mortgage was recorded in the register's office on July 1, 1908. The precise consideration for this bond and mortgage was not shown, because the trial court refused to receive evidence of the conversation between the appellant and her father when the delivery was made. It does appear, however, that the bond and mortgage was delivered on the occasion of appellant's marriage, and it may perhaps be inferred that it was given as a wedding gift or settlement. On July 10, 1908, at her father's request, and while she was still a minor, plaintiff executed a satisfaction piece of said mortgage, which was recorded in the register's office on October 19, 1909. The mortgage was thereupon discharged of record, and appeared as so discharged when plaintiff's mortgage was executed. It appears that appellant received from her father, in exchange for the surrender of the bond and the execution of the satisfaction piece, an undivided one-third interest in other premises then belonging to her father, and known in this case as the brick house.

The guardian *ad litem* of the appellant has deemed it his duty to set up the mortgage executed to appellant as an existing lien superior to the lien of plaintiff's mortgage, and to disaffirm, in behalf of his ward, her execution of the satisfaction piece. He expressed on the trial the appellant's willingness to

reconvey the interest in the brick house, but such an offer was necessarily futile because the appellant, being at the time of the trial still an infant, could not make a valid conveyance. We think that there is no doubt that the satisfaction of the mortgage was an act which the appellant could disaffirm when she came of age. It is a rule of universal acceptance that a contract made by an infant is voidable at his election when he arrives at full age, and this irrespective of the question whether or not the contract appears to have been one beneficial to the infant. A satisfaction of a mortgage is in effect a contract, and is certainly more than a receipt for so much money received, for it also embraces a consent to the destruction of the security. It may be that it cannot be disaffirmed for her by a guardian before maturity, but the plaintiff is not injured by the guardian's attempt to disaffirm in the present case. Treating the satisfaction as disaffirmed, or at least as subject to disaffirmance when the appellant arrives at age, she remains the owner and holder of a mortgage upon the property superior to that of plaintiff. She is bound, however, if she persists in her disaffirmance, to return the consideration which she received, but, as already stated, it was impracticable to make such return at the time of the trial, both because she was then still an infant, and because her father who conveyed to her the interest in the brick house is not a party to the action. We think that it was error to refuse to find the facts relating to the mortgage to appellant, and her satisfaction, because unless such facts are found an equitable disposition of the rights of the parties cannot be made. There must, therefore, be a new trial. By the time that trial can be had the appellant will have attained her majority and will be in a position to affirm or disaffirm her act in executing the satisfaction piece, and to make such return of consideration received therefor as may be just. Although the interest in the brick house was conveyed to appellant by her father it may be that under the terms of his mortgage to plaintiff equity would subrogate her to his right to receive a reconveyance. Before this can be done, however, the father should be made a party to the action.

The judgment appealed from must be reversed and a new trial granted, with costs to appellant to abide the event.

MCLAUGHLIN, MILLER and DOWLING, JJ., concurred; INGRAHAM, P. J., dissented.

INGRAHAM, P. J. (dissenting):

I think this judgment should be affirmed. The action was to foreclose a mortgage on certain real property given by one John Di Mattia to secure his bond for $4,500. The complaint, after alleging the execution of the bond and mortgage and the default, alleges that the defendants have or claim to have some interest in or lien upon the mortgaged premises or some part thereof which interest or lien is subject and subordinate to the lien of the said mortgage held by the plaintiff. The appellant, an infant under the age of twenty-one years, answered the complaint alleging that John Di Mattia, the father of this defendant, for the purpose of securing the payment to the infant defendant of the sum of $1,000, with interest thereon, on or about the 20th day of April, 1908, made, executed and delivered to the said appellant a bond bearing date on that day in the sum of $1,000, and as security for the payment of the indebtedness evidenced by that bond executed, acknowledged and delivered to the infant defendant a mortgage which was duly recorded upon the premises described in the complaint; that at the time of the execution and delivery of this instrument this defendant was an infant of the age of seventeen years; that thereafter this appellant executed and delivered to the said John Di Mattia, her father, an instrument in writing purporting to be a discharge of the said mortgage which instrument was duly recorded in the office of the register of the city and county of New York on October 19, 1908; that the appellant now desires to disaffirm and reject the said discharge of the mortgage as aforesaid; and demands judgment that this mortgage for $1,000, be reinstated, and the defendant appellant asks judgment foreclosing the mortgage for $1,000.

On the trial the plaintiff proved the mortgage alleged in the complaint and its record which was on the 17th day of April, 1909, which was after the mortgage to the defendant appellant

had been satisfied in the office of the register of the city and county of New York. To prove her defense the appellant was called as a witness. The mortgage to her which had been satisfied was proved and the satisfaction piece purporting to be executed by the defendant appellant was also proved. The appellant then testified that in 1908 when she was seventeen years of age and prior to the time that she married, her father came to her and made a statement with reference to giving her a gift, and in the month of April, 1908, she received from her father the mortgage specified in the answer. It is not alleged that the mortgagor was indebted to this defendant appellant when he executed the mortgage to secure payment of the bond nor does it appear that any bond was ever delivered to the defendant appellant. It is spoken of by the appellant as a gift, the gift consisting in the delivery by the father to the daughter of a mortgage to secure the payment of a bond for $1,000. Subsequently it would appear that the father procured from the defendant appellant a satisfaction piece of this mortgage which had been recorded, then mortgaged the premises to secure the payment of the sum of $4,500, to the plaintiff, and afterwards conveyed the mortgaged premises to the defendant appellant and her two sisters as tenants in common. In the absence of any consideration either paid by the defendant appellant to the mortgagor or the existence of any indebtedness or obligation from the mortgagor to the defendant appellant it seems to me there was no consideration for the promise to pay the sum of money secured by the mortgage or that it was a valid lien as against the mortgagor. Treating the transaction as a gift of a sum of money represented by the mortgage there was no delivery which was essential to make a valid gift. A mere delivery of an obligation to pay without consideration creates no obligation that can be enforced against the donor. There is no evidence that this mortgage was accompanied by a bond under seal but even if there was a seal it was merely presumptive evidence of consideration and upon the evidence it would appear there was no consideration. The mortgagor having subsequently mortgaged the premises to the plaintiff it seems to me the plaintiff then acquired a lien superior to any lien of the defendant appellant and the trial

judge was, therefore, quite right in refusing to enforce this satisfied mortgage.

I think, therefore, the judgment should be affirmed.

Judgment reversed and new trial ordered, with costs to appellant to abide event.